UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN DARNELL WHITE

       Plaintiff,

                                    CASE NO. 2:13-CV-13888
v.                                 HONORABLE LAWRENCE P. ZATKOFF

KENNETH MCKEE, ET. AL.,

       Defendant.
_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

Sean Darnell White, presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that defendants, employees of the correctional facility at which he is imprisoned, either tampered with his food or failed to take corrective action after he found pieces of broken razor blades in his food, and then retaliated against him for complaining. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

**I. DISCUSSION**

In the present case, plaintiff is incarcerated in the Bellamy Creek Correctional Facility, which is located in the Western District of Michigan. The defendants named in the complaint reside in the Western District of Michigan. The misconducts that Petitioner refers to in his complaint occurred at the Bellamy Creek Correctional Facility, which is in the Western District of Michigan.

The proper venue for civil actions in which jurisdiction for the federal court is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants

reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F. 2d 789, 791 (6th Cir. 1972).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." *See Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. *See Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *See Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. This Court therefore lacks venue for the § 1983 claim against the defendant. *See Mihalek Corp. v. State of Mich.*, 595 F. Supp. 903, 906 (E.D. Mich. 1984).

In addition, plaintiff is currently incarcerated in the Western District of Michigan. In cases

in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia*, 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(quoting *Starnes v. McGuire*, 512 F. 2d 918, 931, 168 U.S. App. D.C. 4 (D.C. Cir.1974)). In light of the difficulties of transferring plaintiff to this district, the availability of witnesses and files to prosecute plaintiff's claims in the Western District of Michigan, and the likelihood for speedier resolution of plaintiff's claims in that district. *See Crew v. U.S. Parole Bd.*, 424 F. Supp. 411, 413 (E.D. Pa. 1976).

Finally, venue for plaintiff's lawsuit against the defendant is not proper in the Eastern District of Michigan because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in the Eastern District of Michigan. *See Miles v. WTMX Radio*, 15 Fed. Appx. 213, 215 (6th Cir. 2001).

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2013